SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7576 PA (CWx) | Date | January 14, 2008 |
|---|---|---|---|
| Title | 5th Avenue Partners, LLC et al. v. The Setai Group, LLC et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| C. Kevin Reddick | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS—COURT ORDER

      The Court has before it the First Amended Complaint ("FAC") filed by 5th Avenue Partners, LLC ("5th Avenue"), Steve Rebeil, and Tom Benjamin ("Plaintiffs") against The Setai Group, LLC ("Setai"), Jonathan Breene, and John Conroy ("Defendants").  Plaintiffs seek damages arising out of an alleged breach of contract regarding a business relationship to sell, market, develop, and/or operate luxury hotels under the "Setai" brand in the Western United States, Hawaii, and Mexico.  Plaintiffs allege subject matter jurisdiction exists based on diversity of citizenship.

      Section 1391(a) provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, <u>if there is no district in which the action may otherwise be brought</u>."  28 U.S.C. § 1391(a) (emphasis added).  Section 1391(a)(3), relying on where a defendant is subject to personal jurisdiction, cannot be invoked unless section 1391(a)(1) or (a)(2) cannot be satisfied.  <u>See</u> 28 U.S.C. § 1391(a).

      In support of their claim that the Central District of California is an appropriate venue for this action, Plaintiffs allege that "all of the defendants are subject to personal jurisdiction in this District at the time the action is commenced and a substantial part of the events or omissions on which the claims in this matter are based occurred in this District."  (FAC, p. 2, ¶ 2.)  The FAC does not, however, provide any factual basis which would explain how the Central District is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  <u>See</u> 28 U.S.C. § 1391(a)(2).  Although the parties are alleged to have made a contract regarding a hotel in Beverly Hills, California, it appears that a substantial part of the events or omissions on which Plaintiffs' claims are based occurred in San Diego, California, where the Diegan hotel is located.

      The Court therefore orders Plaintiffs to show cause within eleven (11) days of the date of this Order why this action should not be dismissed for improper venue or, alternatively, transferred to a more

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7576 PA (CWx) | Date | January 14, 2008 |
|---|---|---|---|
| Title | 5th Avenue Partners, LLC et al. v. The Setai Group, LLC et al. | | |

convenient forum, such as the Southern District of California or the Southern District of Florida. See 28 U.S.C. §§ 1404(a) (regarding transfer); 1406(a) (regarding dismissal). All factual matters relied upon must be supported by appropriate declarations under penalty of perjury and/or other admissible evidence. To assist the Court in determining whether dismissal or transfer is appropriate and in the interest of justice, Plaintiffs are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1. Whether this action could have been brought in the Southern District of California, and whether venue is appropriate in the Southern District of California;

2. Whether this action could have been brought in the Southern District of Florida, and whether venue is appropriate in the Southern District of Florida;

3. What contacts, if any, each of the parties has to the Central District of California, the Southern District of California, and the Southern District of Florida. The parties should include information regarding where they conduct their businesses, including: the location of their physical property, points of public contact, and percentage of income derived from each District;

4. What connection Plaintiffs' claims have to the Central District of California, the Southern District of California, and the Southern District of Florida;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District of California as compared to the Southern District of California and the Southern District of Florida;

7. The ease of access to sources of proof in each of the potential forums;

8. The expected difference in the cost of litigation in each of the potential forums;

9. Whether there are any alternative forums, other than the Central District of California, the Southern District of California, or the Southern District of Florida, that would be more convenient for this action and why, keeping in mind the inquiries above.

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7576 PA (CWx) | Date | January 14, 2008 |
|---|---|---|---|
| Title | 5th Avenue Partners, LLC et al. v. The Setai Group, LLC et al. | | |

    Defendants may file a response no later than seven (7) days from the date Plaintiffs' response is due. Plaintiffs are ordered to personally serve a copy of this Order on Defendants within three (3) court days of the date of this Order or at the time of service if Defendants have not been served. Failure to timely respond to the order to show cause may result in the dismissal of this action.

    IT IS SO ORDERED.